# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KAREENA BOKO, <br><br> Plaintiff, <br><br> vs. <br><br> CREDIT BUREAU SERVICES, INC., <br><br> Defendant. | 8:17CV3150 <br><br> **ORDER** |

Plaintiff Kareena Boko ("Boko") alleges defendant Credit Bureau Services, Inc. ("Credit Bureau") violated her rights under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 *et seq.* Now pending before the Court is Boko's Notice of Voluntary Dismissal Without Prejudice (Filing No. 14) purportedly filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Boko seeks dismissal of this case without prejudice, with each party to "pay their own attorney fees and costs."

Credit Bureau agrees with Boko that dismissal is warranted (Filing No. 15) but "asserts that any dismissal should be with prejudice due to the circumstances of this case." According to Credit Bureau, it thoroughly explained to Boko from the outset that her claims were without merit and repeatedly asked her to voluntarily dismiss to no avail. Credit Bureau notes it filed an answer in this case and avers it drafted and served written discovery, but Boko "did not serve answers or responses" to its discovery requests or request an extension of time. Credit Bureau reports it "is considering seeking attorneys' fees pursuant to 28 U.S.C. § 1927 for counsel's multiplication of the proceedings."

By order dated July 12, 2018, this Court advised Boko that—given Credit Bureau's answer and Boko's resulting inability to voluntarily dismiss this case without Court approval—the Court would construe her dismissal notice as a request for dismissal by

Court order under Rule 41(a)(2). The Court gave Boko until August 2, 2018, to withdraw her request or file a brief in support of dismissal without prejudice. That date has now passed, and Boko has done neither, leaving unexplained her desire to dismiss and leaving unchallenged Credit Bureau's damning factual assertions and cogent arguments for prejudicial dismissal. *See*, *e.g.*, *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987) (identifying factors to consider in deciding a request for dismissal under Rule 41(a)(2)).

In light of Boko's failure to provide any basis for nonprejudicial dismissal, her request for dismissal is granted in part and denied in part. This case is dismissed with prejudice, with each party to bear its own fees, costs, and expenses.

IT IS SO ORDERED.

Dated this 7th day of August 2018.

                                              BY THE COURT:

                                              Robert F. Rossiter, Jr.
                                              United States District Judge